```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------X
KWAME OWUSU,
                        Plaintiff,            05 Civ. 6981 (DAB)
        -against-                              ORDER

NEW YORK STATE INSURANCE, et al.,

                        Defendants.
------------------------------------------X
```
DEBORAH A. BATTS, United States District Judge.

On June 16, 2009, United States Magistrate Judge Michael H. Dolinger issued a Report and Recommendation ("Report"), recommending that Defendant's Summary Judgment motion be GRANTED. (Report at 2.) For the reasons contained herein, Magistrate Judge Dolinger's Report and Recommendation shall be ADOPTED.

## I. ADOPTION OF REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1)(C), "[w]ithin ten days after being served with a copy [of the Magistrate Judge's Report and Recommendation], any party may serve and file written objections to such proposed findings and recommendations." 28 U.S.C. § 636(b)(1)(C); see also Fed. R. Civ. P. 72(b) (stating that "[w]ithin 10 days after being served with a copy of the recommended disposition, a party may serve and file specific, written objections to the proposed findings and recommendations"). The District Court is required under 28 U.S.C. § 636(b)(1)(C) to make a "de novo determination of those

portions of the report or specified proposed findings or recommendations to which objection is made."

A request for an extension of time to file objections was docketed by Plaintiff on July 31, 2009, even though the docket indicated that objections were due on June 29, 2009. In a further request dated July 9, 2009 and received on July 15, 2009, Plaintiff claimed that Judge Dolinger's Report was post-marked to him on June 16, 2009 and that he did not receive it until June 23, 2009. Although the Court could decline to consider the objections because of their untimeliness, affording lenity to a pro se litigant, the Court will nevertheless entertain Plaintiff's objections.

The Plaintiff lists eight reasons why the Report should not be adopted. (Pl. Obj. at 1.)[1] However, none of those eight reasons is sufficiently specific as to a particular finding of the Magistrate Judge which, bearing on Defendant's liability, warrants reconsideration. Typical of these objections are Plaintiff's claims that, "[t]here are factual inaccuracies as to the court's understanding of the facts," "Defendant's summary judgment motion cut short the discovery proceedings while certain crucial issues were the in process of being resolved," "the court

---

[1] The page numbers have been added by the Court by hand for ease of reference.

failed to fully address the difficulties the pro se plaintiff was encountering by the defendant's unwillingness to cooperate in the discovery process," and "the court did not conduct any hearings or telephone conference to examine which facts are clearly established and which are disputable."  (Pl. Obj. at 1-3.) These objections appear to be an outline of further specifics to come.

Plaintiff begins a further iteration of objections at heading "II Present Proceedings" in Exhibit A.  There he alleges that his complaint "make[s] the case for his allegations against HSBC in this case."  However, as this case is in the summary judgment stage, Plaintiff must present admissible evidence in support of his claims and cannot rely on the Complaint any longer.

The Court has reviewed Plaintiff's objections and, though voluminous, finds them lacking any specific argument for the Court to analyze; Plaintiff's objections only rehash arguments already addressed by the Magistrate Judge.  For example, Magistrate Judge Dolinger wrote in the Report that "Plaintiff provides absolutely no competent evidence for his allegations that he applied for an unsecured card and that the bank then 'lifted' his signature and copied it onto an application that he did not fill out." (Report at 18.)  Judge Dolinger further notes that "plaintiff himself supplies evidence demonstrating that he

3

was on notice of the nature of the credit card account...[t]he checking-account statement identifies plaintiff's credit-card account number as the account providing overdraft protection." (Report at 19.)  Plaintiff does not address these findings of Judge Dolinger but rather reiterates his allegations that he applied for an unsecured card "but HSBC decided to merge that with the OPA at a later time without seeking Plaintiff's consent."  (Pl. Obj. at 8.)  He further states, that HSBC "went on to provide fraudulent documents to support the assertion instead of correcting the problem."  (Id.)  Plaintiff has done nothing more than restate the very claims that Judge Dolinger found wanting.

In another example, Judge Dolinger writes, "Owusu also alleges that HSBC tampered with the deposit date of check #1595, which he issued on February 15, 2003." (Report at 28.)  That check, for $1,700.00 was made out to Aggie Owusu and was allegedly presented by her to HSBC on February 18, 2003, and reversed the next day, indicated on Plaintiff's statement as "REVERSAL-CHECK DRAWN ON UNCOLLECTED FUNDS."  Judge Dolinger notes that bank statements from both the Plaintiff and the Defendant show a check for $3,470.00 deposited into Plaintiff's account on February 14, 2004, which Plaintiff claims was an electronic transfer of his tax refund, which should have been

4

credited that day.  Judge Dolinger notes that "Plaintiff introduces no evidence, however, to support his contention that the deposit was an electronic transfer from the IRS."  Indeed, Judge Dolinger writes, "on one occasion when the IRS did electronically transfer Owusu's tax refund into his account, the statement described the deposit as 'DEPOSIT FROM US TREASURY 220-TAX REFUND,'" whereas the February 14 deposit is only described as "DEPOSIT" on the statement."  (Report at 29.)  Clearly, in response to the Report Plaintiff only needed to point to some evidence in the record showing that the February 14, 2004 deposit was indeed a tax refund.  But, rather than provide a specific, detailed objection, he submits the same bank statement addressed by Judge Dolinger, and argues without support that "[w]hen HSBC bounced Plaintiff's check #:1595 without cause the reason the check not re-deposited, as Plaintiff was informed, was because HSBC officials had informed Fleet bank officials that Plaintiff's employer was going to stop paying Plaintiff's salary soon."  (Pl. Obj. at 6.)  Such speculative allegations do not provide the Court with a basis to review the Report and Recommendation of the Magistrate Judge.

Where a party only raises general objections, "a district court need only satisfy itself there is no clear error on the face of the record."  Nelson v. Smith, 618 F. Supp. 1186, 1189

5

(S.D.N.Y. 1985); see also Brown v. Peters, 1886 WL 5999355, 1997 U.S. Dist. LEXIS 14718, at *7 (N.D.N.Y. Sept. 22, 1997) (where only general objections are filed to report and recommendation, a court need only review for clear error) (citing cases).  Indeed, "objections that are merely perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original [papers] will not suffice to invoke de novo review. . . ." Vega v. Artuz, No. 97 Civ. 3775, 2002 WL 31174466, at *1 (S.D.N.Y. Sept. 30, 2002).  Such objections "would reduce the magistrate's work to something akin to a meaningless dress rehearsal."  Id. (citations and internal quotations marks omitted).  See also Kiggins v. Barnhart, 2004 WL 1124169, at *1 (S.D.N.Y. May 20, 2004) (reviewing the report and recommendation for clear error where objections were essentially reiterations of arguments made in earlier submissions and conclusory accusations).  After conducting the appropriate level of review, the Court may then accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate. 28 U.S.C. § 636(b)(1)(C); see also Local Civil Rule 72.1(d).

   Because Plaintiff's objections either are general or merely re-assert arguments already submitted to the Magistrate Judge, this Court need only review the Report and Recommendation for

clear error. Having found no clear error on the record, the Report and Recommendation of United States Magistrate Judge Michael H. Dolinger, dated June 12, 2009, is APPROVED, ADOPTED and RATIFIED by the Court in its entirety.

### III. CONCLUSION

For the reasons contained herein, the June 12, 2009, Report and Recommendation of Magistrate Judge Michael H. Dolinger is APPROVED, ADOPTED, and RATIFIED. Defendants' Motion for Summary Judgment is GRANTED. The Clerk of Court is directed to terminate all pending motions and CLOSE THE DOCKET for this case.

SO ORDERED.

Dated:    New York, New York
          August 14, 2009

                                              DEBORAH A. BATTS
                                       United States District Judge